IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SONICWALL INC., <br><br> Plaintiff, <br><br> v. <br><br> PROVEN NETWORKS, LLC, <br><br> Defendant. <br><br><br> PROVEN NETWORKS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SONICWALL, INC., <br><br> Defendant. | Case No.  1:20-cv-00715-LY <br><br> **JURY TRIAL DEMANDED** |

**PROVEN NETWORKS, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIMS
TO SONICWALL INC'S COMPLAINT**

Plaintiff Proven Networks, LLC ("Proven") hereby files its Answer and Counterclaims to the Complaint of SonicWall, Inc. ("SonicWall"). Proven denies the allegations and characterizations in SonicWall's Complaint unless expressly admitted in the following paragraphs. To the extent any factual allegation below is admitted, it is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may follow from the admitted facts. No admission below should be construed as an admission or concession regarding the relevance of any allegation to any cause of action identified

in the Complaint.

## PARTIES

1.   Admitted.

2.   Admitted.

## JURISDCTION AND VENUE

3.   Proven admits that the allegations of SonicWall's Complaint speak for themselves. Except as expressly admitted, Proven denies the allegations of Paragraph 3.

4.   Admitted.

5.   Paragraph 5 is statement of the law which requires no response. To the extent a response is required, Proven admits that SonicWall seeks declaratory relief, but denies that such relief is appropriate.

6.   In response to Paragraph 6, Proven states that it does not contest the Court's jurisdiction over Proven for this action. Except as expressly admitted, Proven denies the allegations of Paragraph 6.

7.   Admitted.

## THE PRESENCE OF AN ACTUAL CONTROVERSY

8.   Proven lacks information or belief sufficient to admit or deny the allegations of Paragraph 8, and on that basis denies the allegations.

9.   Proven lacks information or belief sufficient to admit or deny the allegations of Paragraph 9, and on that basis denies the allegations.

10.   Proven lacks information or belief sufficient to admit or deny the allegations of Paragraph 10, and on that basis denies the allegations.

11. Proven lacks information or belief sufficient to admit or deny the allegations of Paragraph 11, and on that basis denies the allegations.

12. Proven lacks information or belief sufficient to admit or deny the allegations of Paragraph 12, and on that basis denies the allegations.

13. Admitted.

14. Admitted.

15. Admitted.

16. Proven lacks information or belief sufficient to admit or deny the allegations of Paragraph 16, and on that basis denies the allegations.

17. Proven lacks information or belief sufficient to admit or deny the allegations of Paragraph 17, and on that basis denies the allegations.

18. Proven lacks information or belief sufficient to admit or deny the allegations of Paragraph 18, and on that basis denies the allegations.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF '024 PATENT

19. Proven incorporates by reference its response to Paragraphs 1-18 above.

20. Admitted.

21. Proven admits that the allegations of its Complaint against Dell speak for themselves. Except as expressly admitted, Proven denies the allegations of Paragraph 21.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## COUNT II

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF '024 PATENT

26. Proven incorporates by reference its response to Paragraphs 1-25 above.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

### PRAYER FOR RELIEF

In response to SonciWall's Prayer for Relief, Proven denies that SonicWall is entitled to any relief, and in particular to any of the relief requested in paragraphs A-E of its Prayer for Relief, and further requests that the Court enter such preliminary and final orders and judgments as are necessary to provide Proven with the following requested relief:

a. A Judgement in favor of Proven that the '024 Patent is not invalid and enforceable and that SonicWall infringes the '024 Patent;

b. An Order dismissing SonicWall's Complaint in its entirety and with prejudice;

c. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Proven its reasonable attorneys' fees against

SonicWall; and

      d.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## COUNTERCLAIMS

Counterclaim Plaintiff Proven Networks, LLC ("Proven") hereby asserts the following counterclaims against SonicWall, Inc. ("SonicWall" or "Defendant"). This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. §1 *et seq.*, in which Proven makes the following allegations against SonicWall:

## INTRODUCTION

1.    This complaint arises from Defendant's unlawful infringement of United States No. 8,165,024 (the "'024 Patent" or "Asserted Patent").

2.    The management and optimization of data flow in networking systems is essential in modern society. Not only do computers, smartphones, and home automation devices operating via the Internet generate data traffic, but basic technology such as voice services and file transfers do as well. The enormous increase in multimedia content, such as videos, has greatly increased data traffic without proportional increases in data bandwidth. One problem caused by the large consumption of high-bandwidth multimedia content is that more important data, including relatively low-bandwidth services such as voice services and data transfers (e.g., financial data), can suffer due to lack of bandwidth, resulting in dropped calls and incomplete file transfers. Optimization of data traffic in data networks has become even more important in order to navigate the bandwidth limitations.

3.    Another modern trend is greater use of cloud-based data services. One advantage is that companies can reduce their capital expenses by migrating their enterprise data to these data

centers. However, data centers charge their enterprise customers by both the amount of data stored and the amount of data accessed—where the costs vary among different data storage providers depending on bandwidth, storage demand, and even time of day. The ability to manage the storage of data based on parameters such as data size and storage duration, is essential to manage the associated cost.

4. The Asserted Patents originated from telecommunications and wireless networking research from Alcatel-Lucent. The inventors were keenly aware of the increase of high-bandwidth applications such as video, especially in wireless and mobile networks, and sought to develop technology to maintain acceptable performance for as many users, for as long as possible, under varying and adverse data traffic conditions. Further, the inventors sought to managing the costs associated with the storage and access of such data in cloud-based data services.

5. The '024 Patent teaches the use of a "deep packet inspection" device, especially in wireless networks, to examine the characteristics of data packets passing through the network in order to provide classification data to the data packets for downstream application-specific processing..

## PARTIES

6. Plaintiff Proven Networks, LLC is a company organized under the laws of the State of California. Proven Networks is the sole owner by assignment of all right, title, and interest in the Asserted Patents.

7. Defendant SonicWall is a Delaware Corporation with its headquarters and principal place of business at 1022 McCarthy Blvd., Milpitas, CA 95035.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

9. This Court has personal jurisdiction over SonicWall in this action because SonicWall has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over SonicWall would not offend traditional notions of fair play and substantial justice. SonicWall, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patents. Moreover, SonicWall has consented to the Jurisdiction of this Court by filing the Original Complaint in this matter.

10. Venue is proper in this District under 28 U.S.C. §1400 (b)

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,165,024

11. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

12. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,165,024, titled "Use of DPI to Extract and Forward Application Characteristics." The '024 Patent was duly and legally issued by the United States Patent and Trademark Office on April 24, 2012. A true and correct copy of the '024 Patent is attached as Exhibit 1.

13. On information and belief, Defendant make, uses, offers for sale, sell, and/or imports certain products ("Accused Products"), such as the SonicWALL Reassembly-Free Deep Packet Inspection (RFDPI) engine and security appliances running RFDPI engine, such as

SonicWall TZ Series and SonicWall NSA series, that directly infringe, literally and/or under the doctrine of equivalents, claims 1–25 of the '024 Patent.

14.     Since at least the data of the filing and service of the Complaint against Dell, Defendant has also knowingly and intentionally induced infringement of claims 1–25 of the '024 Patent in violation of 35 U.S.C. §271 (b). Defendant has knowledge of the '024 Patent and the infringing nature of the Accused Products based on the filing and service of the Complaint against Dell. Despite this knowledge of the '024 Patent, Defendant continues to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '024 Patent. Defendant does so knowing and intending that their customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '024 Patent, thereby specifically intending for and inducing its customers to infringe the '024 Patent through the customers' normal and customary use of the Accused Products.

15.     The Accused Products satisfy all claim limitations of claims 1–25 of the '024 Patent. Claim charts comparing independent claim 1 of the '024 Patent to representative Accused Products are attached as Exhibits 2.

16.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '024 Patent pursuant to 35 U.S.C. §271.

17.     As a result of Defendant's infringement of the '024 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no

event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Proven respectfully requests that this Court enter:

a. A judgment in favor of Proven that Defendant has infringed, either literally and/or under the doctrine of equivalents the '024 Patent;

b. A judgment and order requiring Defendant to pay Proven its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '024 Patent; and

c. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Proven, including without limitation, pre-judgment and post-judgment interest;

d. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. §285 and awarding to Proven its reasonable attorneys' fees against Defendant; and

e. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Proven, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: August 13, 2020    Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Benjamin T. Wang (CA SBN 228712)
Email: bledahl@raklaw.com
Paul A. Kroeger (SBN 229074)
pkroeger@raklaw.com
Kent N. Shum (CA SBN 259189)
kshum@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

***Attorneys for Plaintiff Proven Networks, LLC***

## CERTIFICATE OF SERVICE

I certify that on August 13, 2020, a true and correct copy of foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Reza Mirzaie*
Reza Mirzaie